# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Paula A. Carter

v.

Thomas J. Brem

October 23, 1998

Case No. CL97-21

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this pre-trial motion is whether the plaintiff should be prohibited from introducing evidence at trial about certain recently-claimed damages because of her failure to comply with rules of discovery.

## *Facts*

This personal injury case arises out of an automobile accident that occurred on January 27, 1994. Trial is set for November 12, 1998.

The plaintiff's original action was filed on April 19, 1995. After answering, the defendant propounded written interrogatories of the plaintiff on June 5, 1995. The plaintiff never responded to the interrogatories and suffered a nonsuit on July 15, 1996, two weeks before trial. See Case No. CL95-215.

The plaintiff instituted this action on January 14, 1997. Again, after answering, the defendant propounded written interrogatories. When those interrogatories went unanswered for six months, the defendant filed a motion to compel on August 28, 1997. Before the motion could be argued, the plaintiff forwarded unexecuted responses. The defendant agreed to withdraw the motion to compel with the understanding that the plaintiff would execute her responses when her deposition was taken.

Meanwhile, the case was set for trial on November 12, 1998, with a jury.

No executed responses to the interrogatories have been submitted, and the original responses have not been supplemented either in executed or unexecuted form.

In addition, the defendant sought to take the plaintiff's deposition. The date of January 24, 1998, was agreed upon. The plaintiff informed her attorney on the morning of the deposition that she would not attend. She did not attend.

The deposition was rescheduled for February 5, 1998. Again, the plaintiff did not appear. Instead, she left a message on her counsel's answering machine on February 2, 1998, that she would not be present for the deposition.

The deposition was rescheduled for July 24, 1998. Again, the plaintiff said that she was unavailable.

The plaintiff's deposition was rescheduled for August 28, 1998. At that deposition, the plaintiff stated that her medical damages greatly exceeded those set out in her unexecuted responses to interrogatories. She testified about MRIs, a C-7 radiculopathy, and ongoing serious complaints related to the injuries she sustained in the accident. Defense counsel asked for the names and addresses of these previously-undisclosed health care providers. To date, no such information has been provided to the defendant.

On October 2, 1998, the defendant again requested information about the previously-undisclosed medicals and urged the plaintiff to properly complete and supplement her responses to the interrogatories. This has not been done.

The defendant filed the motion that gives rise to this opinion on October 15, 1998. Counsel for both parties were present for arguments on the motion on October 19, 1998. The court took the matter under advisement.

### Decision

The plaintiff's conduct in this matter has been flagrantly irresponsible, dilatory, and uncooperative.

Apparently, the plaintiff would present evidence at trial of medical damages that contradict her interrogatory responses and about which the defendant knows nothing except what the plaintiff declared for the first time in her deposition a few weeks ago. Such an approach to the adjudication of claims is contrary to the rules and will not be permitted.

The discovery issues in this case do not involve a single omission of a medical bill or some similar oversight which most courts, including this one, allow the delinquent party to cure even on the eve of trial as long as neither the nature nor the scope of the claim is materially affected. Here, however, to allow the plaintiff to introduce the medical evidence to which she referred in her recent deposition would completely change the complexion of the case. And, as noted above, even as of this date, the defendant has no information about these new medical claims so that he can properly prepare to defend himself.

The plaintiff already has taken one nonsuit after failing to respond to discovery requests for more than a year. Obviously, she does not have the right to suffer another nonsuit, and she shows no good cause for a continuance of the trial. Therefore, the appropriate alternative is to grant the defendant's motion so that the plaintiff will be prohibited from offering evidence at trial of damages beyond those set forth in her responses to interrogatories submitted in August of 1997.